IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THF REALTY, INC.**

  **Plaintiff,**

v.                   Civil Action No. 5:12-cv-136 (Stamp)

                  Electronically Filed:
**OHIO COUNTY DEVELOPMENT**     September 17, 2012
**AUTHORITY,**

  **Defendant.**

## COMPLAINT

For its Complaint against Ohio County Development Authority, the Plaintiff, THF Realty, Inc., by counsel, states and avers as follows:

### Parties

1. Plaintiff, THF Realty, Inc. (hereinafter "THF") is a corporation organized under the laws of Missouri, with a principal office located at 2127 Innerbelt Business Center Drive, Suite 200, St. Louis, Missouri 63114.

2. Defendant, Ohio County Development Authority (hereinafter "OCDA"), is a municipal authority, organized pursuant to the laws of West Virginia, with a principal office located at 1500 Chapline Street, City County Building, Room 215, Wheeling, West Virginia 26003. Pursuant to *West Virginia Code* §7-12-6, OCDA has several authorities, including but not limited to, to contract and be contracted with, to sue and be sued.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §1332 because THF and OCDA are citizens of two different states and the amount in controversy is in excess of $75,000.

4. This Court has jurisdiction over OCDA because OCDA is authorized to and operates business in West Virginia.

5. During the course of its dealings with THF, OCDA engaged in transacting business in the West Virginia.

6. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the transactions and occurrences giving rise to THF's claims occurred in this District.

**Factual Background**

7. OCDA owns a shopping center in Wheeling, West Virginia, known as The Highlands (hereinafter "Shopping Center"), which contains numerous tenant stores and space for rent. On or about October 26, 2010, THF and OCDA entered into a written agreement (hereinafter "Commission Agreement"). *See Commission Agreement, dated October 26, 2010, attached hereto and marked as Exhibit 1*.

8. Pursuant to the Commission Agreement, OCDA appointed THF as the exclusive leasing agent to lease the Shopping Center. *Exhibit 1, ¶B.1.*

9. Pursuant to the Commission Agreement, OCDA contractually agreed and had a duty to refer to THF all inquiries and offers received by OCDA regarding leasing space in the Shopping Center. *Exhibit 1, ¶B.2.*

10. Pursuant to the Commission Agreement, THF agreed to be the exclusive leasing agent for leasing space in the Shopping Center.

11. OCDA and THF agreed that OCDA would pay THF a commission for all leases made and entered into for space in the Shopping Center after October 26, 2010. *Exhibit 1, ¶¶B.1, B.3.*

12. The Commission Agreement provides that commissions shall be paid to THF within thirty (30) days after (1) the commencement of the lease term; (2) the opening for business by such tenant; and (3) the payment of the first month's rent by the tenant of the space (hereinafter collectively the "Commission Triggers"). *Exhibit 1, ¶B.3(c).*

13. OCDA and THF further agreed that in the event of any litigation arising out of the Commission Agreement related to a commission fee that is owed thereunder, the prevailing party shall be entitled to payment of all reasonable attorney's fees, expenses, and court costs in connection therewith. *Exhibit 1, ¶B.11(d).*

14. OCDA was not obligated to pay THF a commission fee if a lease was consummated with any of the tenants listed in Exhibit D-1 of the Commission Agreement. *Exhibit 1, ¶B.3(g).*

15. OCDA had a duty to pay a commission fee to THF if a lease was consummated with any other tenant, including certain prospective tenants listed in Exhibit D-2 of the Commission Agreement. *Exhibit 1, ¶B.3(h).*

16. On a date after the execution of the Commission Agreement, Gamestop executed a lease for a portion of the Shopping Center premises. Gamestop is open for business in said location and paying rent to OCDA.

17. On a date after the execution of the Commission Agreement, Sears Hometown Store (hereinafter "Sears") executed a lease for a portion of the Shopping Center premises. Sears is open for business in said location and paying rent to OCDA.

18. On a date after the execution of the Commission Agreement, Logan's Roadhouse executed a lease for a portion of the Shopping Center premises. Logan's Roadhouse is open for business in said location and paying rent to OCDA.

19. All of the Commission Triggers have occurred for Gamestop, Sears, and Logan's Roadhouse.

20. THF has invoiced OCDA for the leasing commissions due from OCDA to THF for Gamestop, Sears, and Logan's Roadhouse, and OCDA has failed and refuses to pay THF said commissions.

21. Logan's Roadhouse, Sears, and Gamestop are not listed in Exhibit D-1 of the Commission Agreement and therefore are not excluded from commission due THF. *Exhibit 1, ¶B.3(g).*

22. OCDA had a duty to pay a commission fee to THF if a lease was consummated with the Logan's Roadhouse, Sears, and Gamestop. *Exhibit 1, ¶B.3(h).*

23. As of today, OCDA has refused and failed to pay the due and owing commission to THF, in violation of its contractual duty expressly stated in the Commission Agreement.

24. Upon information and belief, OCDA has entered into other leases for space in the Shopping Center since October 26, 2010.

## COUNT I - BREACH OF CONTRACT

25. Paragraphs 1 through 24 are incorporated by reference as if fully restated herein.

26. Pursuant to the Commission Agreement, OCDA had a duty to refer to THF, its exclusive leasing agent, all inquiries and offerings received by OCDA regarding the leasing of the Shopping Center. *Exhibit 1, ¶B.2.*

27. THF fully complied with the terms of the Commission Agreement.

28. OCDA negotiated with and entered into a lease agreement with Sears without referring Sears to THF, which was a breach of OCDA's express duty.

29. Notwithstanding OCDA's failure to refer Sears to THF, upon occurrence of the Leasing Triggers, OCDA was indebted to THF for the agreed commission amount.

30. After execution of the Commission Agreement, OCDA had a duty to pay commissions to THF for any lease in the Shopping Center within thirty (30) days after (1) the commencement of the lease term; (2) the opening for business by such tenant; and (3) the payment of the first month's rent by the tenant of the space. *Exhibit 1, ¶B.3(c).*

31. Upon the occurrence of the Commission Triggers, OCDA had a duty to pay a commission fee for the leases with Logan's Roadhouse, Sears, and Gamestop. *Exhibit 1, ¶B.3(h).*

32. THF has invoiced OCDA in the amount of $15,000, representing the leasing commission due for the Sears.

33. THF has invoiced OCDA in the amount of $5,841, representing the leasing commission due for Gamestop.

34. THF has invoiced OCDA in the amount of $50,000, representing the leasing commission due for Logan's Roadhouse.

35. As of today, OCDA has refused and failed to pay the due and owing commission to THF.

36. Upon information and belief, OCDA has entered into other leases for space in the Shopping Center since October 26, 2010.

37. OCDA had a duty to comply with the terms of the Commission Agreement.

38. OCDA's refusal and failure to pay the due and owing commission to THF constitutes a breach of OCDA's contractual duty expressly provided in the Commission Agreement.

39. THF is entitled to damages because OCDA has breached its contractual duties owed to THF in violation of the Commission Agreement.

40. THF is entitled to damages in an amount equal to the aforesaid commissions due, plus interest thereon, and its attorney's fees, attorney's fees incurred in this action, and costs, which together exceed $75,000.

## **DEMAND**

**WHEREFORE**, based on the foregoing, THF respectfully prays for the following relief:

a. Judgment against OCDA for an amount equal to the commissions due, plus interest;

b. Attorney's fees and costs; and

c. Such further equitable and legal relief as this Court deems just and proper.

**THF REALTY, INC.**

By Counsel,

_____
Sang Ah Koh, Esq. (WVSB No. 10788)
LEWIS GLASSER CASEY & ROLLINS, PLLC
300 Summers Street, Suite 700
P.O. Box 1746
Charleston, WV  25326
Phone:  304-345-2000
Fax:      304-343-7999
skoh@lgcr.com